**IN THE COURT OF APPEALS OF IOWA**

No. 14-0880
Filed August 13, 2014

**IN THE INTEREST OF R.T.,**
**Minor Child,**

**E.T., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Annette Taylor, Assistant County Attorney, for appellee State.

Nicole Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

A father appeals the termination of his parental rights to a child, born in 2002. He contends (1) the State failed to prove the grounds for termination cited by the district court and (2) the district court did not consider the statutory best interest factors or the exceptions to termination.

*I.* The district court terminated the father's rights pursuant to several statutory grounds. We may affirm if we find clear and convincing evidence to support any of the cited grounds. *In re S.R.,* 600 N.W.2d 63, 64 (Iowa Ct. App. 2002).

On our de novo review, we find clear and convincing evidence to establish that the father failed to maintain significant and meaningful contact with the child. *See* Iowa Code § 232.116(1)(e) (2013) (requiring proof of several elements including proof that parent has not maintained significant and meaningful contact with the child).

"Significant and meaningful contact" "includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent." Iowa Code § 232.116(1)(e)(3).

> This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

*Id.*

The child was adjudicated in need of assistance based on acts of the mother, who subsequently died. The father left the State before the adjudication

and, at the time of the termination hearing, had been living in North Carolina for four years. He acknowledged he had no direct telephone contact with his child for approximately a year, despite his familiarity with the maternal relatives who were caring for her. While he stated he was regularly "patched in" to calls made by another child and obtained information about the child through this sibling, the fact remains that he did not initiate telephone contact with her on a regular basis.

The father also had limited in-person contact. With the exception of a one-to-two week North Carolina visit in 2013, he saw the child only when he attended court hearings in Iowa. By his own admission, he came to Iowa "two or three times during the year."

The father showed himself to have scant knowledge of the child's life. At the termination hearing, there was a lengthy pause before the father arrived at the birth date of the child. He also did not know what grade she was in. He acknowledged the maternal relatives took care of the child's daily needs. While he stated he had the financial means to support the child, he conceded he did not remit child support and his contributions were limited to the purchase of clothes and a pair of tennis shoes.

The father also did not avail himself of the opportunity to discuss the child's situation with her therapist, despite the department's transmission of the therapist's contact information, together with an instruction to have "open communication" with her.

In sum, the father did not affirmatively assume "the duties encompassed by the role of being a parent" and the district court appropriately found that

termination was warranted for lack of significant and meaningful contact with the child.

**II.** The father next contends termination was not in the child's best interests and the district court should have invoked an exception to termination based on the closeness of the parent-child bond. *See* Iowa Code § 232.116(2), (3)(e). We do not doubt the father and child loved each other. But given the absence of significant and meaningful contact between the two, we conclude the district court acted appropriately in terminating the father's parental rights in lieu of invoking either of these statutory provisions.

**AFFIRMED.**